## STATE OF FLORIDA v TAYLOR

Case No. 86-1866-CA-01-N

Seventh Judicial Circuit, Volusia County

May 21, 1987

**APPEARANCES OF COUNSEL**

**Michael Lambert** for appellant.

**John Doyle** for appellee.

## OPINION OF THE COURT

EDWIN P.B. SANDERS, Circuit Judge.

This is an appeal by the State from an order granting the defendant's motion to dismiss the information pursuant to Florida Rule of Criminal Procedure 3.190(c)(2) on the ground that the defendant is being charged with an offense to which he was previously placed in jeopardy. The central issue is whether the trial court was correct in granting the defendant's motion to dismiss the information on the grounds of double jeopardy due to the State's failure to establish the proper predicate to the introduction of the breathalyzer test under the particular facts of this case.

Order affirmed.

The defendant Taylor was charged with driving while under the influence of alcoholic beverages. When the matter came to trial, a jury was selected and sworn to try the case. The first witness called by the State was Officer Bramlitt, the arresting officer. Through Officer Bramlitt's testimony the State established that Officer Bramlitt lawfully stopped the defendant, administered a field sobriety test, and arrested the defendant for driving under the influence of alcoholic beverages to the extent that his normal faculties were impaired.

The Assistant State Attorney, John Doyle, then asked Officer Bramlitt whether a breathalyzer test was run on the defendant, to which she replied affirmatively. Officer Bramlitt, however, was not the officer who administered the breathalyzer test, but was only the arresting officer. Nevertheless, very next question posted to Officer Bramlitt was: "And what were the results?" Consequently, the attorney for the defendant, Michael Lambert, immediately objected to the question and the jury was excused from the courtroom whereupon Mr. Lambert requested a mistrial and dismissal of the case due to prosecutorial misconduct, which court subsequently granted.

It was disclosed that the breathalyzer operator, Officer Krakowski, was unavailable as he was no longer with the Daytona Beach Police Department, but was now a member of the FBI outside the State of Florida. Subsequently, at the motion to dismiss, the State informed the court that Officer Krakowski was with the drug enforcement agency and was stationed in Miami.

Mr. Doyle admitted that prior to the trial he knew of the unavailability of Officer Krakowski, but claimed that the results of the breath

147

test were admissible in evidence without the proper predicate because, in the Mr. Doyle's opinion, this particular issue was resolved by the Fifth District Court of Appeal in *State v. Young*, 438 So.2d 31 (Fla. 5th DCA 1985).

*State v. Young*, on which Mr. Doyle relies, was a consolidated case heard by the Fifth District after the trial court granted the motions of the various defendants to suppress the results of the breath tests. The trial court held that the Daytona Beach Police Department gave an erroneous implied consent warning by informing the defendant that he did not have a right to refuse to submit to a breath test. This holding, although affirmed by the Circuit Court, was reversed by the Fifth District Court of Appeal. Contrary to Mr. Doyle's contention, by addressing this one issue, the Fifth District certainly did not waive or excuse the State from laying the other essential predicates for the introduction of the breath tests. In the alternative, Mr. Doyle stated that he proposed to proffer the predicate to the breath test under the business records or alternatively, the public records exception to the hearsay rule.

Chapter 10 D-42 of the Rules of the Department of Health and Rehabilitative Services sets forth all the requirements necessary before a breath testing machine can be used and the proper procedure for admitting its results into evidence.

In *State v. Bender*, 382 So.2d 697, the Supreme Court of Florida said:

> The tests results (breath test), are admissible in evidence only upon compliance with the statutory provisions and administrative rules enacted by its authority (cases cited). . .a defendant may in any proceedings attack the reliabilitiy of the testing procedures, the qualifications of the operator and the standards establishing the zones of intoxicant levels.

Therefore, the State's attempt to introduce the breath test results in the presence of the jury knowing that they could not satisfy the requirements of a proper predicate warrants a mistrial on the basis of *Oregon v. Kennedy*, 456 U.S. 667 (1982) and a dismissal of the information on the grounds of double jeopardy. Accordingly, the judgment of the trial court is affirmed.